IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SHARRON PIGGEE,<br><br>    Petitioner,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:06-cv-01593-JKS-KJM<br><br>ORDER |

  Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

  On April 6, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Petitioner has filed objections to the findings and recommendations.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

  Petitioner is currently confined in a federal institution pursuant to a federal conviction. Petitioner agues that the 1991 state court conviction for which he received a one year sentence that was served was used to enhance his federal sentence under USSG § 4B1.1 (career criminal). Controlling law is clear, once the sentence imposed has expired, the collateral consequences of the conviction are insufficient to render a person in custody for the purposes of a habeas attack on it under § 2254.  *See Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2003).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed April 6, 2007, are adopted in full;
2. Petitioner's application for a writ of habeas corpus is DISMISSED; and
3. This case is closed.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks omitted)).

Dated: December 3, 2007

                                                    s/ James K. Singleton, Jr.
                                                    JAMES K. SINGLETON, JR.
                                                    United States District Judge